IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RANDYL WALTER,
        Plaintiff,

v.                                                    Civil Action No. 3:17-CV-295-JAG

GOVERNMENT SERVICES AUCTIONS, et al.,
        Defendants.

## OPINION

The pro se plaintiff, Randyl Walter, brings this breach of contract claim against General Services Administration ("GSA"), Fort McHenry National Monument/Historical Shrine, and the Department of the Interior. The defendants moved to dismiss on the grounds that Congress has only waived sovereign immunity for this type of claim in the Court of Federal Claims, and not in district court. The Court grants the defendants' motion because the district courts lack jurisdiction over the plaintiff's claim.

## I. BACKGROUND

Walter purchased a golf cart from an online GSA auction on March 20, 2017, for $500. The auction website described the golf cart as having "Eight 6V Batteries" and an "On Board Smart Charging System." (Second Am. Compl., Exh. A.) Upon returning to his home in Richmond with the cart, Walter discovered that it had neither batteries nor a charging system. Walter contacted the GSA's Contracting Officer, George Elefante, who told Walter he had two options: (1) keep the cart and receive a price adjustment; or (2) return the cart in its present condition and receive a full refund of $500.

Walter chose neither option and sued the GSA,[1] as well as Fort McHenry National Monument/Historical Shrine and the Department of the Interior. After amending his complaint twice, once as of right and then with leave from the Court, Walter currently alleges breach of contract and seeks the following: $1,444.56 for the cost of replacing the batteries, $519.50 for the cost of replacing the charging system, and $8,555.44 in punitive damages. The defendants moved to dismiss.

## II. DISCUSSION

The plaintiff bears the burden of showing that subject matter jurisdiction exists. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

As sovereign, the United States is "immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). "[T]he terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Id.* Waiver of sovereign immunity will be "strictly construed...in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996).

Walter relies on 28 U.S.C. § 1346(a)(2), known as the "Little Tucker Act," to argue that the United States has waived sovereign immunity in this case. The Little Tucker Act waives immunity in district courts for breach of contract claims against the United States for amounts less than $10,000.[2] 28 U.S.C. § 1346(a)(2). The Little Tucker Act also states that district courts

---

[1] Walter misidentifies defendant General Services Administration as "Government Services Auctions." (Second Am. Compl., at 1.)

[2] Walter's complaint fails to meet two of these requirements: (1) his claims currently total $10,519.50, and (2) he has not brought suit against the United States, but against an agency, which the Little Tucker Act does not authorize. *See* 28 U.S.C. § 1346(a)(2) ("...claim against the *United States*") (emphasis added); *see also Blackmar v. Guerre*, 342 U.S. 512, 514 (1952) (finding that federal agencies may only be sued *eo nomine* when Congress has given explicit authority to do so). If Walter were to refile against the United States for an amount less than $10,000, however, the court would still lack jurisdiction, for the reasons stated below.

2

*shall not* have jurisdiction over such claims if they are subject to sections 7104(b)(1) and 7107(a)(1) of Title 41. *Id.*

Sections 7104(b)(1) and 7107(a)(1) set forth review procedures for disputes subject to the Contract Disputes Act ("CDA"), which waives sovereign immunity for certain disputes in the Court of Federal Claims but not in district court. 41 U.S.C. § 7104(b)(1). The CDA governs disputes arising from contracts made by executive agencies for, among other things, the sale of government property. 41 U.S.C. § 7102(a). Under the CDA, "executive agency" includes executive departments, military departments, and independent establishments, meaning any "establishment in the executive branch...which is not an Executive department, military department, [etc.]." 41 U.S.C. § 7101(8)(c); 5 U.S.C. § 104(1). The GSA is "an agency in the executive branch of the Federal Government," which does not fall within any listed exclusion. 40 U.S.C. § 301.

Walter's claim falls within the scope of the CDA as it arises from a contract with an executive agency, the GSA, for the sale of government property, the golf cart. Disputes within the scope of the CDA are subject to its review procedures and excluded from the Little Tucker Act's grant of jurisdiction to district courts.[3] *United States v. J&E Salvage Co.*, 55 F.3d 985, 987 (4th Cir. 1995).

The CDA's review procedures allow Walter to either (1) appeal the decision of the contracting officer to the Civilian Board of Contract Appeals, or (2) pursue direct relief from the Court of Federal Claims. 41 U.S.C. §§ 7104(a)–(b), 7105(b). These procedures are "exclusive

---

[3] Walter contends that he is not subject to the review procedures set forth by the CDA because the CDA only provides jurisdiction over "contractors" and not private individuals. (Opp. to Mot. to Dismiss, at 2.) Walter misunderstands the use of the word "contractor" in the statute. The CDA defines "contractor" as "a party to a Federal Government contract other than the Federal Government." 41 U.S.C. § 7101(7). This definition includes Walter.

3

of jurisdiction in any other forum" and do not allow Walter to bring his claim in district court. *J&E Salvage*, 55 F.3d at 987.

## III. CONCLUSION

This case falls within the scope of the Contract Disputes Act because it arises from a contract with an executive agency for the sale of government property. The CDA limits jurisdiction over this case to the Court of Federal Claims. Defendants' motion to dismiss is granted because this Court lacks jurisdiction.

The Court will enter an appropriate order.

Let the Clerk send a copy of this Opinion to all counsel of record and to the pro so plaintiff.

Date: October 30, 2017
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge